**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **ALTON PETTWAY,**<br><br>      **Plaintiff,**<br><br>   **-v-**<br><br>**EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and MISSION LANE LLC,**<br><br>      **Defendants.** | **Civil Case Number:**<br><br>**<u>CIVIL ACTION</u>**<br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

**<u>INTRODUCTION</u>**

1.      Identity theft has long been a widespread problem in this country.  Over the past decades, identity theft has emerged as one of the fastest growing white-collar crimes in the United States.[1] Millions of Americans annually fall victim to this crime and are required to spend countless hours and untold effort in attempting to undo the resulting harm caused to their credit reports.[2]

2.      Plaintiff, Alton Pettway, has been the unfortunate victim of identity theft.

---

[1] *See, Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 505 (4th Cir. 2007).

[2] Victimization surveys conducted by Synovate for the Federal Trade Commission estimate that, between 1998 and 2003, approximately 27.3 million adults discovered they were the victims of identity theft, with 9.91 million adults discovering they were victims in 2003 alone.  *See,* Graeme R. Newman & Megan M. NcNally, *Identity Theft Literature Review* 14 (2005), http://www.ncjrs.gov/pdffiles1/nij/grants/210459.pdf (citing Synovate, Federal Trade Commission—Identity Theft Survey Report 7, 12 (2003), http:// www.ftc.gov/os/2003/09/synovatereport.pdf).

Specifically, upon information and belief, at least one identified individual made unauthorized transactions with Mission Lane, without Plaintiff's authorization. This account has severely harmed Plaintiff's credit with each of the credit reporting agencies reporting the account inaccurately.

3.     Rather than working with Plaintiff to rectify this unfortunate situation, each of the Defendants has refused to remove this fraudulent account from his credit report, despite Plaintiff specifically disputing the fraudulent items.  Instead, the Defendants have continued to willfully and negligently harm Plaintiff's credit report by continuing to associate this fraudulent account with Plaintiff, thereby severely impacting Plaintiff's life and his ability to obtain credit.

4.     Plaintiff thus brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Equifax Information Services, LLC, Experian Information Solutions, Inc., and Mission Lane LLC have negligently, recklessly and knowingly disseminated false information regarding Plaintiff's credit, namely by continuing to associate Plaintiff with this fraudulent information, particularly after Plaintiff mailed letters to Defendants specifically advising them of this issue and submitting the necessary supporting documentation.

5.     Plaintiff further alleges that the consumer reporting agencies Equifax, and Experian failed to investigate credit report inaccuracies in response to Plaintiff's disputes

6.     Plaintiff seeks statutory, actual, and punitive damages, along with

injunctive and declaratory relief, attorneys' fees, and costs.

## JURISDICTION

7.     The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.  All defendants regularly conduct business within the state of Florida and violated Plaintiff's rights under the FCRA in the state of Florida as alleged more fully below.

8.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendants conduct business in this District, and communications giving rise to this action occurred in this District.

## PARTIES

9.     Plaintiff, Alton Pettway ("Plaintiff"), is a resident of Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(f).

10.    Defendant Equifax Information Services, LLC ("Equifax") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11.    Equifax's principal place of business is located at 1550 Peachtree Street,

-3-

N.W., Atlanta, Georgia 30309.

12.     Defendant Experian Information Solutions, Inc. ("Experian") is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13.     Experian is a corporation with its headquarters in Costa Mesa, California.

14.      Defendant Mission Lane LLC, ("Mission Lane") is a national lending institution with its headquarters located at 1504 Belleville St, Richmond, VA 23230.

## FACTUAL ALLEGATIONS

15.     In or around 2023, Plaintiff was the victim of unauthorized charges on a number of his credit accounts, including his Mission Lane account. Plaintiff specifically disputed these charges directly with Mission Lane.

16.     Sometime thereafter, Plaintiff discovered that these erroneous charges were appearing on his consumer credit reports from Equifax and Experian (collectively the "CRAs"). Upon information, this account was used to make purchases without

Plaintiff's knowledge or authorization to do so.

17. Accordingly, Plaintiff took appropriate action, including completing a sworn FTC Identity Theft Affidavit in which he listed this account as it was appearing on his credit reports despite the fact that it reflected fraudulent purchases without his consent.

18. Plaintiff then disputed this inaccurate reporting with the CRAs on or about January 20, 2026. In those disputes, Plaintiff clearly advised the CRAs that he was the victim of identity theft, and that this information should be removed and blocked.

19. With those disputes, Plaintiff included copies of the sworn FTC Identity Theft Affidavit and the required identity verification documentation.

20. Following receipt of Plaintiff's dispute, Experian refused to investigate, correct or remove the fraudulent Mission Lane information from Plaintiff's credit file. Instead, that information is still being reported to this day.

21. Upon information and belief, Experian had all the information they needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

22. Similarly, Equifax refused to investigate, correct or remove the fraudulent Mission Lane information from Plaintiff's credit file. Instead, that information is still being reported to this day.

23. Upon information and belief, Experian had all the information they

needed to locate, investigate, and correct this inaccurate information, but just failed to do so.

24.     Upon information and belief, Defendant Mission Lane received notice of Plaintiff's disputes from the CRAs.

25.     The CRAs and Mission Lane were each notified of the respective disputes, but refused to investigate and/or remove inaccurate reporting.

26.     At all times pertinent hereto, Defendants' violations of the FCRA were willful, and carried out in reckless disregard for consumer's rights as set forth under sections 1681s, 1681i, and 1681e of the FCRA. Accordingly, Plaintiff is entitled to statutory, actual, and punitive damages under 15 U.S.C. § 1681n.

27.     Additionally, Defendants' violations of the FCRA were negligent. Accordingly, Plaintiff is entitled to statutory and actual damages under 15 U.S.C. § 1681o.

28.     In any event, Defendants are liable for Plaintiff's reasonable attorneys' fees and costs, pursuant to 15 U.S.C. §§ 1681n and 1681o.

29.     As a direct and proximate result of the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life, by the impact that this derogatory information has had on his credit score and his ability to secure credit.  For example, Plaintiff has been denied credit due to these derogatory inaccuracies, and has been offered credit on less favorable terms.

30.     Defendants' violations of the FCRA further caused Plaintiff great distress, anger, annoyance and frustration in his daily life, subjected Plaintiff to abusive credit reporting practices from which Plaintiff had a substantive right to be free, and caused the dissemination of defamatory information regarding Plaintiff.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST EQUIFAX**

31.     Paragraphs 1-30 are realleged and incorporated herein.

32.     At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(f).

33.     The FCRA provides that:

> "*if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file* in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(A) (emphasis added).

34.     On or about January 20, 2026, Plaintiff initiated a dispute with Equifax requesting that it correct and remove the specific fraudulent items in his credit file that were patently inaccurate and damaging to him, including the fraudulent Mission Lane information. Plaintiff provided information and documentation showing that he was the victim of identity theft and that this account was used to make purchases by an

individual other than Plaintiff without Plaintiff's consent.

35. Equifax received Plaintiff's dispute letters, as evidenced by the certified mailing receipt in Plaintiff's possession.

36. However, Defendant Equifax never adequately investigated Plaintiff's disputes, as required by the FCRA.

37. Instead, Equifax, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report the inaccurate Mission Lane information, something that any basic investigation would have prevented.

38. As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681c-2
### AGAINST EQUIFAX

39. Paragraphs 1-30 are realleged and incorporated herein.

40. On or about January 20, 2026, Plaintiff initiated a dispute with Equifax requesting that they correct, remove and block the inaccurate Mission Lane information as this account was fraudulently opened and used to make purchases by an individual other than Plaintiff without Plaintiff's consent.

41. In support of this dispute, Plaintiff included copies of the sworn FTC Identity Theft Affidavit.

42. Equifax refused to acknowledge that it had heightened obligations under

such circumstances than those triggered by a standard dispute.

43. As such, instead of following the law and blocking the fraudulent information on Plaintiff's credit report within four days of receiving the dispute, Equifax continued to report this fraudulent information.

44. As a direct and proximate result of Equifax's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

<u>**COUNT III**</u>
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST EXPERIAN**

45. Paragraphs 1-30 are realleged and incorporated herein.

46. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined in 15 U.S.C. § 1681a(f).

47. The FCRA provides that:

> "*if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file* in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(A) (emphasis added).

48. On or about January 20, 2026, Plaintiff initiated a dispute with Experian requesting that they correct and remove the specific fraudulent items in his credit file

that were patently inaccurate and damaging to him, including the fraudulent Mission Lane information. Plaintiff provided information and documentation showing that he was the victim of identity theft and that this account was used to make purchases by an individual other than Plaintiff without Plaintiff's consent.

49.    Experian received Plaintiff's dispute letters, as evidenced by the certified mailing receipt in Plaintiff's possession.

50.    However, Experian never adequately investigated Plaintiff's disputes, as required by the FCRA.

51.    Instead, Experian, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report the inaccurate Mission Lane information, something that any basic investigation would have prevented.

52.    As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

**COUNT IV**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681c-2**
**AGAINST EXPERIAN**

53.    Paragraphs 1-30 are realleged and incorporated herein.

54.    On or about January 20, 2026, Plaintiff initiated a dispute with Experian requesting that they correct and remove the inaccurate Mission Lane as this account was fraudulently opened and used to make purchases by an individual other than Plaintiff without Plaintiff's consent.

-10-

55.     In support of this dispute, Plaintiff included copies of the sworn FTC Identity Theft Affidavit.

56.     Experian refused to acknowledge that it had heightened obligations under such circumstances than those triggered by a standard dispute.

57.     As such, instead of following the law and blocking the fraudulent information on Plaintiff's credit report within four days of receiving the dispute, Experian continued to report this fraudulent information.

58.     As a direct and proximate result of Experian's willful and/or negligent refusal to block this fraudulent information, as mandated by the FCRA, Plaintiff has been harmed.

**COUNT V**
**FAILURE TO INVESTIGATE DISPUTE**
**FCRA, 15 U.S.C. § 1681s-2(b)**
**AGAINST MISSION LANE**

59.     Paragraphs 1-30 are realleged and incorporated herein.

60.     Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

61.     On or about January 20, 2026, Plaintiff initiated disputes with the credit bureaus disputing the accuracy of the account being reported by Mission Lane.

62.     Upon information and belief, Mission Lane received notice of these disputes from the credit bureaus.

63.     Mission Lane was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

64.     Even after Plaintiff properly disputed this account with the credit reporting agencies, Mission Lane refused to conduct a reasonable investigation and continued inaccurately reporting the inaccurate information on Plaintiff's credit reports, specifically Plaintiff's report provided by Equifax.

65.     Mission Lane's conduct violated section 1681s-2(b) of the FCRA.

66.     As a result of Mission Lane's conduct, Plaintiff was harmed, as discussed above.

## DEMAND FOR TRIAL BY JURY

67.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. Awarding Plaintiff actual damages, statutory damages and punitive damages pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

B. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

C. A declaration that Defendants' conduct alleged herein is unlawful, as set forth more fully above;

D. Equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

E.  Awarding Plaintiff such other and further relief as this Court may deem just

and proper.


Dated: May 14, 2026                     By: <u>/s/ Joseph Kanee, Esq.</u>
                                        Joseph Kanee, Esq.
                                        MARCUS & ZELMAN, LLC
                                        1508 SW 23 Street
                                        Fort Lauderdale, FL 33315
                                        (848) 346-4358 telephone
                                        (732) 298-6256 facsimile
                                        joseph@marcuszelman.com
                                        *Attorney for Plaintiff*